UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVE BRAASE,<br><br>              Plaintiff,<br><br>   v.<br><br>BATTELLE ENERGY ALLIANCE,<br>LLC, organized in Delaware,<br><br>              Defendant. | Case No. 4:14-CV-00481-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court is Defendant Battelle Energy Alliance's Motion to Dismiss. (Dkt. 11.) The parties have filed their responsive briefing and the matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion will be decided on the record before this Court without oral argument.

**MEMORANDUM DECISION AND ORDER- 1**

## BACKGROUND

Plaintiff Steve Braase is employed by Defendant Battelle Energy Alliance, LLC (Battelle) as a Health Physicist Technician at the Idaho National Laboratory (INL).[1] On November 8, 2011, Mr. Braase was exposed to radioactive dust while repackaging radioactive fuel plates during the course of his employment.[2] Mr. Braase has brought this action against Battelle seeking damages for the alleged injuries he suffered as a result of his exposure to the radioactive material and the subsequent medical treatment rendered by Battelle. The claims are made under the Price-Anderson Act (PAA) and various Idaho state laws. (Dkt. 1.) Battelle has filed the instant Motion to Dismiss arguing Mr. Braase's claims fall within the exclusive jurisdiction of the Idaho Worker's Compensation Act and, therefore, this Court lacks subject matter jurisdiction. (Dkt. 11.) The Court finds as follows.

## LEGAL STANDARD

Battelle's Motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) arguing the Complaint fails to state a claim upon which relief can be granted. (Dkt. 11.) The arguments made in the Motion, however, are that this Court lacks subject matter jurisdiction

---

[1] Battelle operates the INL under a contract with the United States Department of Energy.

[2] Another employee of Battelle has filed a case raising similar claims arising from the same accident in this District that is before Chief Judge B. Lynn Winmill: *Simmons v. Battelle Energy Alliance, LLC*, Case No. 4:14-cv-00294-BLW. In that case, Chief Judge Winmill has ruled upon a substantially similar Motion to Dismiss and has pending before him a Motion to Consolidate these cases. (Case No. 4:14-cv-00481-EJL, Dkt. 15-17.)

**MEMORANDUM DECISION AND ORDER- 2**

over Mr. Braase's claims. Accordingly, the Court will consider the Motion under Rule 12(b)(1) which applies to such challenges.

A Rule 12(b)(1) motion may be raised as either a facial or factual challenge to the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to the plaintiff. *Id*. When reviewing a facial challenge, the court is limited to the allegations in the complaint, the documents attached thereto, and judicially noticeable facts. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A factual attack, on the other hand, does not assume the truth of a plaintiff's allegations but instead challenges them by introducing extrinsic evidence, requiring the plaintiff to support his jurisdictional allegations with competent proof. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

The Motion in this case raises a facial challenge. (Dkt. 11.) Therefore, the Court will consider the allegations in the Complaint to be true when considering the sufficiency of those allegations. *See Safe Air for Everyone*, 373 F.3d at 1039.

## ANALYSIS

**1.     PAA Claim**

The PAA provides a federal right of action for individuals injured by a nuclear incident. *See* 42 U.S.C. §§ 2014(w); 2210. Claims that are compensable under state or federal worker's compensation laws, however, cannot be brought under the PAA. 42 U.S.C.

**MEMORANDUM DECISION AND ORDER- 3**

§ 2014(w). "Generally, the Idaho worker's compensation law provides the exclusive remedy for injuries arising out of and in the course of employment." *Kearney v. Denker*, 760 P.2d 1171, 1173 (Idaho 1988); *see also Dominguez ex rel. Hamp v. Evergreen Res., Inc.*, 121 P.3d 938, 942 (Idaho 2005); and Idaho Code §§ 72-201, 72-211. An exception from the worker's compensation exclusivity rule exists "where the injury or death is proximately cause by the wilful or unprovoked physical aggression of the employer, its officers, agents, servants or employees." Idaho Code § 72-209(3).

The parties in this case agree that in order for the exception to the exclusivity rule to apply there must be some wilful or unprovoked physical aggression by the employer – such as an offensive action or hostile attack – that proximately caused the employee's injury. (Dkt. 13 at 11) (Dkt. 14 at 4-7.) Allegations of negligent conduct are insufficient. *See DeMoss v. City of Coeur d'Alene*, 795 P.2d 875, 878 (Idaho 1990) (quoting *Kearney*, 760 P.2d at 1173). The parties disagree, however, over whether the allegations raised in the Complaint make the exception applicable in this case.

Battelle argues the personal injury claims raised in this case are exclusively covered by Idaho's Worker's Compensation Laws because the event causing the injuries was an "accident" occurring during and in the course and scope of employment. (Dkt. 14 at 2-3.) Battelle relies upon the decisions in *Kearney* and *DeMoss* in support of its argument that the Complaint fails to allege it acted with the requisite specific intent to cause injury to Mr. Braase; i.e., that the Complaint's allegations of negligent conduct are insufficient to raise

**MEMORANDUM DECISION AND ORDER- 4**

claims exempted from the exclusivity of the worker's compensation laws. (Dkt. 14 at 4-8.)[3]

Mr. Braase disputes whether Battelle has shown his injuries were caused by an "accident" and are therefore compensable exclusively under the worker's compensation statute. (Dkt. 13 at 5-10.) Mr. Braase likens this case to *Dominguez*, arguing the facts alleged in the Complaint show Battelle's wilful and unprovoked physical aggression based on intentional conduct, not mere negligence. (Dkt. 13 at 11-16.)[4] In particular, Mr. Braase points to the allegations that the Battelle supervisors directed work to proceed despite knowing of the danger of an airborne release of radioactive material and the workers' questioning of whether the repackaging process should proceed. Additionally, the Complaint alleges Battelle failed to warn its employees of the known risks and danger of exposure and/or provide protective equipment or proper safety procedures. These allegations, Mr. Braase argues, demonstrate the wilful and unprovoked physical aggression necessary for the exemption to apply. Battelle maintains that these allegations sound in negligence and do not

---

[3] *Kearney* involved an employee whose foot was partially severed by a lawn mower she was operating in the course of her employment. The employer in *Kearney* had not installed certain safety devices on the lawn mower. In *DeMoss*, the employer directed the employees to remove insulation material from a boiler which was later discovered to be asbestos. In both cases, the Idaho Supreme Court concluded, on summary judgment, that the employees had not shown any wilful or unprovoked physical aggression by their employers and, therefore, the state tort claims were preempted by the Worker's Compensation Act.

[4] In *Dominguez*, the employer directed his employees to clean a steel tank which the employer knew contained hazardous materials. The employer concealed its knowledge of the danger and hampered the employee's rescue and medical treatment. The Idaho Supreme Court held that the worker's compensation law was not the employee's exclusive remedy; i.e., that an employee can be eligible for worker's compensation benefits and, at the same time, pursue a cause of action for the employer's intentional acts.

**MEMORANDUM DECISION AND ORDER- 5**

show the requisite intentional actions needed to fall within the exclusion to the exclusivity rule of the worker's compensation law. (Dkt. 11, 14.)

The Court has reviewed the allegations made in the Complaint in light of the parties' arguments and the cases each side has cited. Having done so, the Court finds that at this stage of the case the facts alleged, if true, are sufficient to show the exception to the worker's compensation exclusivity rule may apply. The Complaint contains the following allegations specific to the PAA claims:

> 69. Braase's physical injury and/or sickness was caused by the willful or unprovoked physical aggression of BEA and/or its employees who intentionally ignored a known risk from the damaged fuel plates and directed the work to proceed in spite of the known risks of exposure to and inhalation of radioactive particles.
>
> 72. BEA intentionally and recklessly exposed Braase to damaging radioactive particles, which touched and entered his body, causing radioactive injury and sickness.
>
> 73. BEA also intentionally injected Braase with Ca-DTPA by puncturing his skin with a needle and pumping a foreign substance into his veins.

**MEMORANDUM DECISION AND ORDER- 6**

78.  [Battelle] management of the ZPPR Facility knew about the hazards associated with the repackaging of Pu fuel plates in finding damaged fuel plates that could cause an airborne release of radioactive material and took no necessary safety precautions to protect Braase.

79.  [Battelle]'s intentional conduct was a direct and proximate cause of Braase's injuries causing both actual present harm and creating an increased risk of harm to his person, property, and economic interests. Braase is entitled to recover damages for such injuries, including general and compensatory damages.

(Dkt. 1.) These allegations go to show Battelle knew of the risks and dangers of encountering the failed fuel plates when it ordered Mr. Braase to repackage and/or continue the repackaging process, failed to warn Mr. Braase of the dangers, failed to follow federal safety regulations, and intentionally and knowingly exposed Mr. Braase to radioactive particles. (Dkt. 1 at ¶¶ 12-15, 20, 23, 25-26, 67-69.) If true, such allegations may establish that Mr. Braase's injuries were caused by the willful or unprovoked physical aggression of Battelle.

The allegations that Battelle knew of and concealed the danger and/or risk of exposure distinguishes this case from *DeMoss* where the employer did not have actual knowledge that the material was asbestos at the time the employees were directed to remove the material. *See DeMoss*, 795 P.2d at 877-78. The *Kearney* case is also somewhat different because the

**MEMORANDUM DECISION AND ORDER- 7**

danger in that case was known to both the employee and employer. *Kearney*, 760 P.2d at 1172. The facts alleged in this case are closer to the facts in *Dominguez* where the danger was known to the employer but unknown to the employees. The Complaint here alleges Battelle instructed Mr. Braase to continue the repackaging process, even after the employees expressed safety concerns, knowing of and concealing the dangers in doing so. Whether Mr. Braase can ultimately prove Battelle's conduct was wilful and unprovoked physical aggression remains to be seen. On this Motion, the Court's obligation is to examine the allegations made in the Complaint and determine whether they are sufficient at this early stage to raise claims over which this Court may have subject matter jurisdiction. Based on the foregoing, the Court finds the Complaint here has done so.

**2.      State Law Claims**

"If there is any provision under the worker's compensation law under which the alleged claim could be said to arise, the Commission has exclusive jurisdiction." *Walters v. Indus. Indem. Co. of Idaho*, 908 P.2d 1240, 1242 (1996). However, "allegations of separate torts, wholly distinct from Idaho's worker's compensation statutory scheme, may give rise to jurisdiction of Idaho state courts outside the exclusive jurisdiction of the Idaho Industrial Commission." *Selkirk Seed Co. v. State Ins. Fund*, 22 P.3d 1028, 1030 (Idaho 2000) (internal quotations omitted).

Counts II-IV of the Complaint raise claims for negligence *per se*, negligent infliction of emotional distress, and breach of the duty of loyalty/fiduciary duty. (Dkt. 1 at ¶¶ 108-127.) These claims are based on Battelle's alleged duty to accurately document and calculate the

**MEMORANDUM DECISION AND ORDER- 8**

radiation dosage to which Mr. Braase was exposed under the accepted federal regulatory standards. In response, Battelle argues the claims are barred by the Idaho's Worker's Compensation Act because the duty alleged in the Complaint arises from the statutory duty imposed under the Act upon Battelle to provide medical treatment to Mr. Braase. (Dkt. 11 at 22) (Dkt. 14 at 8-10.)

The Court has ruled above that the Complaint has, at least at this stage, alleged facts which may give rise to the application of the exception to exclusivity rule of the Idaho Worker's Compensation Act. For the same reasons, the Court denies Battelle's Motion to Dismiss as to the claims stated in Counts II-IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that the Motion to Dismiss (Dkt. 11) is **DENIED**.

DATED: **February 18, 2016**



~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER- 9**